W. B. WALL *et al. v.* DELILAH MARSH *et al.*

BILLS AND NOTES. *Condition. Default. Whole sum due. Waiver. Maker's rights.* A stipulation in a promissory note, bearing interest payable annually, that upon a failure to pay interest annually the note shall be due, is a provision for the benefit of the payee, which he may waive, and cannot be taken advantage of by the maker of the note.

Case cited: Caruthers *v.* McBurney, 3 Sneed, 590.

FROM GREENE.

Appeal from the Chancery Court. H. C. SMITH, Chancellor.

E. C. REEVES and W. McSEEN for complainant.

ROBT. M. McKEE for defendant.

McFARLAND, J., delivered the opinion of the court.

The question in this case is the proper construc-tion of the following obligation, to-wit:

"Eight years after date, with interest from date, to be paid annually, I promise to pay Delilah Marsh five hundred dollars for value received June 10, 1862. It is understood, if I fail to pay the interest annually on above sum, that it is all to be due from that date, that is, the date of my failure, and the said Delilah Marsh, or her representative, may proceed to collect the principal and interest remaining on said debt after such failure. Witness my hand and seal. The above to be in current bank notes.

                    "(Signed)    Wm. B. Hudson. [L. s.]"

The interest was not paid annually, the only payment being credits upon the note, to-wit: $20, April 17, 1866; $65, January 22, 1867; $20, December 5, 1868. Hudson executed a deed of trust upon certain lands to secure the debt, the deed in substance following the terms of the above obligation. No steps were taken to enforce the collection of the money until after the expiration of more than eight years from the date of the note, to-wit, in 1875, when the trustee was proceeding to sell the land in accordance with the power in the deed, when the heirs of Hudson (he having died) filed the original bill, insisting that by the terms of the note it fell due at the

expiration of the first year, June 10, 1863, by reason of the interest not being then paid, and the note should be scaled to the value of current bank notes at that date. On the 10th of June, 1863, current bank notes were greatly depreciated; but upon the expiration of eight years from the date of the note, which would be the 10th of June, 1870, bank notes answering this description were not so greatly depreciated; so that it is the obligor in the note, or his representative, that now insists that by reason of his failure to pay the interest as stipulated, the entire note fell due at the expiration of the first year, and that the amount now due is the value of current bank notes at that date with interest; and so the chancellor held, and from this decree the representative of Mrs. Marsh has appealed.

We think the decree is erroneous. We hold that the condition annexed to the obligation, that the failure to pay the interest annually should cause the entire amount to fall due and give the payee the right then to proceed to collect the entire amount, was a stipulation for the benefit of the payee, Mrs. Marsh, in the nature of a penalty to enforce the prompt payment of the annual installments of interest—a stipulation that Mrs. Marsh might have enforced, but which she might waive. This was not a stipulation for the benefit of the obligor, Hudson. He had no right at the expiration of the first year to pay the whole amount of principal and interest on the note, and had he tendered it in proper funds Mrs. Marsh would not have been bound to receive it. Such was not the

Wall *v.* Marsh.

contract.   She would only have been bound to re-
ceive the interest.   But if Hudson had the option,
for his own benefit, to make the whole debt then due
and payable by failing to pay the interest, he would
thus be receiving the benefit of his own default.   Had
Hudson tendered the whole amount of principal and
interest the day the first installment of interest fell
due, Mrs. Marsh wou'd not have been compelled to
receive it; but had he failed to pay or tender any
amount on that day, then, on the next day, it would
all have been due and payable, and a tender of the
whole amount then, according to this theory, would
have been good.   This would place the entire matter
in the hands of the obligor, and make him to decide
according to his own interest.

It was held in the case of *Caruthers* v. *McBurney*,
3 Sneed, 590, that a stipulation in a contract for the
sale of land, *that* the failure to pay the money on
the day specified should render the contract void, was
a stipulation for the benefit of the vendor, which he
might waive, but which the purchaser could not in-
sist upon; and we have applied the same principle in
one or more unreported cases.   And so we hold in
this case, that the stipulation in question was for the
benefit of the payee in the note, and has been waived,
and that the obligation fell due eight years from date.

The decree will be reversed, and a decree rendered
here in accordance with this opinion.